IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE LYNES-BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:24-cv-398-ECM-JTA |
| | ) | |
| NEW LIFE FOR CHANGE TEEN UNIVERSITY and ALFONZO SMITH, | ) ) )) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Before the undersigned is Defendants' Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(4), wherein Defendants allege Plaintiff failed to properly serve them with the complaint. (Doc. No. 20.) Plaintiff filed two responses stating he correctly served Defendants. (Docs. No. 24 and 25.) This case was referred to the undersigned for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. (Doc. No. 6.) For the reasons stated below, the undersigned construes Plaintiff's Amended Response (Doc. No. 25) as a motion to extend time for service and finds said motion is due to be granted. As such, the undersigned further recommends that Defendants' Motion to Dismiss (Doc. No. 20) be denied as premature.

### I. JURISDICTION

Jurisdiction is proper pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e *et seq*.

(Doc. No. 1 at 3.) Venue is proper under 42 U.S.C. § 2000e-5(f)(3) because the alleged actions took place in Phenix City, Alabama and Defendants reside in Phenix City, Alabama. (Doc. No. 1 at 2–3.)

## II.   DISCUSSION

Plaintiff filed suit in the Middle District of Georgia on July 5, 2024, alleging Defendants violated Title VII of the Civil Rights Act. (Doc. No. 1.) On July 9, 2024, the Honorable Judge Land determined venue was improper in the Middle District of Georgia and transferred Plaintiff's action to the Middle District of Alabama. (Doc. No. 3.) On August 30, 2024, Plaintiff filed a Motion for Extension seeking more time to serve Defendants. (Doc. No. 12.) The court denied Plaintiff's motion as premature and without prejudice, noting that under Rule 4(m), service needed to be completed by October 3, 2024. On September 16, 2024, a signed returned receipt card was filed showing service on Defendants. (Doc. No. 17.) Defendants filed an answer on October 1, 2024, stating that while they had received summons, they did not receive a copy of the complaint. (Doc. No. 18 at 1.)

On October 2, 2024, Defendants filed their motion to dismiss under Federal Rule of Civil Procedure 12(b)(4), alleging they were served with the summons on September 9, 2024, but did not receive a copy of the complaint. (Doc. No. 20 at 1.) Plaintiff responded that he served Defendants twice: through the Russell County Sheriff's Department on July 15, 2024, and through certified mail. (Doc. No. 24 at 2.) Plaintiff attached documentation of both methods of service. (Doc. No. 24-1 at 1–2.) Plaintiff stated that all necessary documents were attached to the summons. (Doc. No. 25 at 2.) In their reply, Defendants

2

again admitted they received the summons, but maintained they never received the complaint. (Doc. No. 26 at 2.)

It is unclear what happened to Plaintiff's complaint during service. However, it is clear that Plaintiff has diligently attempted to perfect service on Defendants before the Rule 4(m) deadline of October 3, 2024. *See* Fed. R. Civ. P. 4(m). Although Plaintiff has not specifically asked the court to extend the deadline to serve Defendants, the undersigned construes his filings liberally because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that a "document filed *pro se* is to be liberally construed." (citation omitted)); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). As such, the undersigned construes Plaintiff's Amended Response (Doc. No. 25) as a motion to extend time for service. Plaintiff has shown good cause for an extension of time under Rule 4(m). *See* Fed. R. Civ. P. 4(m) (providing that "the court must extend the time for service for an appropriate period" "if the plaintiff shows good cause for the failure" to serve a defendant within the 90-day time limit).

### III.   CONCLUSION

Accordingly, it is ORDERED that Plaintiff's motion to extend time for Service (Doc. No. 25) is GRANTED. Plaintiff shall serve Defendants with a summons and a complaint on or before **December 3, 2024.**

As such, the undersigned RECOMMENDS that Defendant's Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(4) be DENIED without prejudice as premature.

It is further ORDERED that, on or before **November 19, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual

findings and legal conclusions in the Recommendation to which the objection is made. The parties are advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of November, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE